UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLUMBIA

| | |
|---|---|
| UNITED STATES OF AMERICA : | Case: 1:15-cr-00021 |
| v. : | Assigned To : Mehta, Amit P. |
| : | Assign. Date : 2/19/2015 |
| MICHAEL R. ROSELLA, : | Description: INDICTMENT (B) |
| Defendant. : | |

GOVERNMENT'S MOTION TO SEAL THE CRIMINAL
INDICTMENT AND OTHER PLEADINGS, RECORDS,
PROCEEDINGS AND FILES, AND TO DELAY ENTRY ON
THE PUBLIC DOCKET OF THE FILING OF THIS
MOTION TO SEAL AND ALL RELATED MATTERS

The United States, by and through its attorney, William Stellmach, Acting Chief of the Fraud Section, Criminal Division, respectfully submits this motion to seal the accompanying criminal indictment, arrest warrant, and all other pleadings, proceedings, records and files in this case, including the instant motion to seal, and to delay entry on the public docket of this motion to seal and all related matters. Specifically, the government requests a sealing order and an exception to the order that will permit the government to disclose the existence of the indictment, arrest warrant, and other records and files in this case as necessary to effectuate the defendant's arrest in the United States. In support of this motion, the government states as follows:

1. The indictment charges the defendant with mail and wire fraud in violation of 18 U.S.C. §§ 1341 and 1343, as well as two counts of engaging in transactions involving criminally derived property in violation of 18 U.S.C. § 1957(a).

2. Law enforcement believes that the defendant is not aware of the criminal investigation or the indictment. Although law enforcement believes that the defendant does not presently reside in the District of Columbia or the surrounding area, it is believed that he retains

ties to the area and could be alerted to the filing of the indictment prior to his arrest, causing him to flee, evade arrest, tamper with or destroy documents or other evidence relating to the crimes charged, and/or further dissipate the proceeds of his criminal activity.

3. Based on information in the government's possession concerning the defendant's receipt and use of proceeds of the fraud crimes charged in the indictment, as well as publicly available information about the defendant's current activities, it is believed that the defendant travels frequently and may have access to substantial resources. As such, public filing of the indictment has the potential to compromise the investigation and prosecution of the defendant. The government submits that under *Washington Post v. Robinson*, 935 F.2d 282, 289 (D.C. Cir. 1991), these facts present an extraordinary situation and a compelling governmental interest which justify both the sealing of the indictment, the arrest warrant, and all other pleadings, files, and records in this case, and also a delay in the public docketing of the filing of these sealed pleadings and the accompanying order.

4. The government requests that the indictment and the arrest warrant, all other pleadings, records and files in this case be unsealed either (1) without further motion from the government upon the arrest of the defendant in this case, or (2) upon further Order of the Court if the government elects to keep the records sealed following the defendant's arrest. The government seeks the option to keep the records sealed following the defendant's arrest in the event the defendant expresses any interest in assisting the government in its ongoing criminal investigation.

WHEREFORE, it is respectfully requested that this motion be granted.

                                                  Respectfully submitted,

                                                  WILLIAM J. STELLMACH
                                                  Acting Chief, Fraud Section

By:    /s/ Gary A. Winters
          GARY A. WINTERS
          D.C. Bar No. 439376
          Trial Attorney
          U.S. Department of Justice
          Criminal Division, Fraud Section
          1400 New York Avenue, N.W.
          Washington, D.C. 20530
          (202) 598-2382

Dated: February 19, 2015